IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENESIS ABIGAIL OCHOA FONSECA,
    *Petitioner*,

v.

KRISTI NOEM, *et al.*,
    *Respondents*.

Case No. 26-cv-00128-ABA

**MEMORANDUM OPINION AND ORDER**

Petitioner Genesis Abigail Ochoa Fonseca alleges that she is a citizen of Honduras who was apprehended by United States Border Patrol on March 2, 2018. ECF No. 1 ¶ 1. Border Patrol released her from custody, and she has since lived in the United States with her spouse and five minor children. *Id.* ¶¶ 1–2, 13. Over the past almost eight years, Petitioner alleges that she consistently reported to the Baltimore ICE Field Office for her monthly appointments, has attended her removal hearings, and attended her asylum merits hearing on November 20, 2025 (the decision of which is currently on appeal before the Board of Immigration Appeals). *Id.* ¶¶ 1, 3.

On January 13, 2026, while at her monthly check-in at the Baltimore ICE Field Office, Petitioner alleges that she was arrested by ICE officials without a warrant. *Id.* ¶ 14. Petitioner filed this action the same day challenging her detention and a motion for temporary restraining order requesting her immediate release. ECF Nos. 1 & 4. The first question before the Court is whether Petitioner's detention is governed by 8 U.S.C. § 1225 or § 1226. 8 U.S.C. § 1225 provides for mandatory detention—without a bond hearing—in certain specified circumstances. Conversely, § 1226 provides for

1

discretionary detention of a noncitizen who, "[o]n a warrant," was "arrested and detained" during the pendency of removal proceedings under § 1229a.

On January 16, 2026, the Parties filed a joint notice providing that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in [*Bautista Villanueva v. Bondi, et al.*], No. 25-CV-4152-ABA, 2026 WL 100595 fn.2 (D. Md. Jan. 14, 2026) and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, [2026 WL 92860,] ECF Nos. 13, 14." ECF No. 7 at 1. Furthermore, the notice provided that "as such, unless the Court prefers further briefing on that issue, the Parties submit that this Court should incorporate the Respondents' filings in *Bautista Villanueva* and *Villanueva Funes* into the record of this habeas action in lieu of further briefing." *Id*. at 2.

For the same reasons stated in *Bautista Villanueva*, 2026 WL 100595, Petitioner is not subject to mandatory detention under § 1225. Accordingly, for the same reasons stated in *Bautista Villanueva* and as requested in the Parties' Joint Notice (ECF No. 7), the Court is persuaded that the appropriate remedy for Respondents' statutory violation is an order that Petitioner receive a bond hearing within 10 days of this Order.

For these reasons, the Court hereby ORDERS as follows:

1. The Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART;
2. Petitioner is detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225;
3. Under 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);
4. Consistent with 8 C.F.R. § 236.1(d)(1), Petitioner shall file a request in Immigration Court seeking a bond hearing consistent with this Court's Order;

5. Petitioner shall be provided with a bond hearing within 10 days of the date of this Order;

6. Petitioner's bond hearing must be conducted by an Immigration Judge under 8 U.S.C. § 1226, and in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, & 1236.1(d);

7. Any bond hearing must be conducted by an Immigration Court with jurisdiction, or with administrative control, over Petitioner's detention and need not be conducted in Baltimore or Hyattsville;

8. If bond is granted and Petitioner is released, nothing in this Order precludes ICE from imposing reasonable conditions of release;

9. If a bond hearing is not held before an Immigration Judge within 10 days of the date of this Order, Respondents shall RELEASE Petitioner from custody;

10. If Petitioner is released before having a bond hearing, nothing in this Order precludes ICE from imposing reasonable conditions of release, including a requirement that she appear at a bond hearing at Immigration Court in Maryland;

11. The parties SHALL FILE a joint status report within 14 days of this Order; and

12. Petitioner's Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

Date:  January 16, 2026                             /s/
                                          Adam B. Abelson
                                          United States District Judge